MEMORANDUM **
William Wallace appeals his conviction on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wallace contends that the district court erred in denying his motion to suppress evidence seized during an investigatory stop of a vehicle in which Wallace was a passenger. Wallace also contends that the district court erred in failing to order the government to grant immunity to a defense witness. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
I
The officers had reasonable suspicion to stop Antonio Powell’s car because they thought that the car was Sean Savoy’s, and they knew that there was an outstanding warrant for Savoy’s arrest.[1] See Arizona v. Johnson, - U.S. -, 129 S.Ct. 781, 784, 172 L.Ed.2d 694 (2009) (stating that an investigatory stop is lawful “when the police officer reasonably suspects that the person apprehended is committing or has committed a criminal offense”); United States v. Grigg, 498 F.3d 1070, 1074 (9th Cir.2007) (“[L]aw enforcement officers may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity.”). Powell’s car was remarkably similar to Savoy’s car in numerous ways. Contrary to Wallace’s argument, it was not simply the age of the car that led the officers to believe that this was Savoy’s car, but the fact that Powell’s car, like Savoy’s, was a dark green, two-door, 1990s Ford Thunderbird.
Additionally, before pulling over Powell’s car, the officers ran a check of the license plate and learned that the car was eo-registered to a “Katrina Johnson.” One of the officers knew that a “Katrina Johnson” was wanted for questioning in a firearms investigation and was missing.
Wallace challenges the scope of the stop because the officers continued to detain him after they realized that Powell was not Savoy. The Supreme Court has “made plain,” however, that “[a]n officer’s inqui-
*715 ries into matters unrelated to the justification for the traffic stop ... do not convert the encounter into something other than a lawful seizure, so long as those inquiries do not measurably extend the duration of the stop.” Johnson, 129 S.Ct. at 788. And, in any event, the inquiry was not unrelated to the officers’ concerns about Katrina Johnson.
Here, the initial stop was supported by reasonable suspicion. Ordering Powell and Wallace out of the car was not unconstitutional. The Supreme Court has stated that “ ‘once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment’s proscription of unreasonable searches and seizures.’ ” Id. at 786 (quoting Pennsylvania v. Mimms, 434 U.S. 106, 111 n. 6, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (per curiam)). This rule “ap-plie[s] to passengers as well as to drivers.” Id.
Furthermore, the officers’ request for identification did not violate the Fourth Amendment. See United States v. Diaz-Castaneda, 494 F.3d 1146, 1152 (9th Cir.) (“The police may ask people who have legitimately been stopped for identification without conducting a Fourth Amendment search or seizure.”), cert. denied, — U.S. -, 128 S.Ct. 634, 169 L.Ed.2d 410 (2007). The subsequent discovery that Powell’s license was suspended and the inventory search of the vehicle accordingly did not violate the Fourth Amendment.
Wallace contends that the officers did not have probable cause to arrest him at the time they placed him under arrest. Even if the officers lacked probable cause to arrest Wallace, the result of the allegedly illegal arrest was that Wallace admitted owning the gun, and Sergeant Fox discovered the key to the lockbox in Wallace’s pocket. However, Wallace subsequently received the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), after which he again confessed to owning the gun.
“The fact that a Fourth Amendment violation occurred — i.e., that a search or arrest was unreasonable — does not necessarily mean that the exclusionary rule applies.” Herring v. United States, — U.S.-, 129 S.Ct. 695, 700, 172 L.Ed.2d 496 (2009). Wallace’s subsequent confession at the police station was voluntary and admissible. Although Miranda warnings “cannot assure in every case that the Fourth Amendment violation has not been unduly exploited,” the other factors set forth by the Supreme Court to determine whether a confession is “obtained by exploitation of an illegal arrest” indicate that Wallace’s confession was sufficiently purged of the taint of any illegality. Brown v. Illinois, 422 U.S. 590, 603, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975). Taking into consideration the “temporal proximity of the arrest and the confession” and “the presence of intervening circumstances,” in conjunction with the Miranda warnings given by Officer Len Broberg, Wallace’s confession at the police station was not “obtained by exploitation of an illegal arrest.” Id. There is no indication here that the officers acted purposefully in effecting an illegal arrest. Thus, even if Wallace’s arrest were illegal, his confession was not obtained “ ‘by exploitation of that illegality,’ ” but instead “ ‘by means sufficiently distinguishable to be purged of the primary taint.’ ” Id. at 599, 95 S.Ct. 2254 (quoting Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)).
II
The district court did not err in failing to compel the government to grant immunity to Wallace’s witness. See United States v. Straub, 538 F.3d 1147, 1156 (9th Cir.2008) (reviewing de novo the ques *716 tion of whether the district court erred in refusing to compel use immunity, but reviewing the district court’s factual findings for clear error). As the district court reasoned, because Powell gave inconsistent statements regarding the ownership of the gun, his testimony was not likely to be helpful to Wallace. Thus, even assuming that the district court erred, any error was harmless.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. Because the parties are familiar with the complicated factual and procedural baclc-ground, we do not recite it here, except as necessary to aid in understanding this disposition.